UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MAURICE KNIGHT, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1:15 CV 289 |
| v. | ) | |
| | ) | |
| BILL HECK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Maurice Knight, Sr., a *pro se* prisoner, initially filed a vague complaint pursuant to 42 U.S.C. § 1983 against Grant County Prosecutor Bill Heck and Investigator Julie Autry. (DE # 2.) The court found that he failed to state a claim against either of the named individual defendants. (DE # 12.) Nevertheless, in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), he was granted leave to file an amended complaint. (*Id.*) Knight has now filed an amended complaint, alleging that Prosecutor Bill Heck's investigator, Julie Autry, violated his constitutional rights by making false statements to his common law wife. Knight sues both Heck and Autry.

The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff

"must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that: (1) the defendants deprived him of a federal constitutional right; and (2) the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Knight is currently incarcerated at the Pendleton Correctional Facility. He alleges that, in September 2014, Julie Autry called and arranged a meeting with his common law wife, Deanna. At the meeting, Autry showed Deanna some photographs taken from a marquee sign in front of a bookstore, which read, "Goodbye, good riddance, Deanna." Julie Autry expressed concern that the message on that sign was a threat to Deanna from Knight. Knight claims that Autry's statements were false, and damaged his relationship with Deanna. Knight alleges that the sign was a joke created by the bookstore owner in reference to a 75 year-old employee that was leaving her employment with the book store. (DE # 15 at 13.) Knight seeks money damages from Bill Heck and Julie Autry for a violation of his rights under the Due Process Clause.

While Julie Autry may have been incorrect in saying that the sign was a threat Knight was making towards Deanna from Knight, those statements did not violate the plaintiff's constitutional rights. This is true even if Autry knew that her statements were

2

false. As Knight was told in the court's prior order, even if Investigator Julie Autry's statements were false and defamatory, claims for slander or defamation are not actionable as federal constitutional torts. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Defamation is not a deprivation of liberty within the meaning of the due process clause. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). Therefore, these claims must be dismissed.

As a final matter, Knight has requested to be appointed counsel. (DE # 16.) He does not include any argument as to why counsel is needed, and instead lists attorneys he contacted about taking his case, apparently without success. Unlike criminal defendants, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Nevertheless, the court may in its discretion recruit *pro bono* counsel under 28 U.S.C. § 1915 when the circumstances warrant it. In assessing a request for *pro bono* counsel under 28 U.S.C. § 1915, the court must make the following two inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Assuming Knight could satisfy the first prong, the court would find the recruitment of *pro bono* counsel unnecessary. Knight's filings reflect that he is fully literate and capable of articulating himself to the court. There is no indication he required the assistance of an attorney to complete the complaint form that was sent to

him. Although he might have preferred to proceed with counsel, the court cannot appoint counsel for this reason alone. *See Pruitt*, 503 F.3d at 655; *see also Olson v. Morgan*, 750 F.3d 708 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most.").

Nor is there any indication that an attorney would have made a difference in the outcome of this case. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (denial of request for *pro bono* counsel will be improper only if there is "a reasonable likelihood that the presence of counsel would have made a difference in the outcome of the litigation."). Knight's allegations were clearly pled; they simply failed to give rise to an actionable constitutional claim. Accordingly, his request for counsel will be denied.

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The plaintiff's motion for appointment of counsel (DE # 16) is **DENIED**.

**SO ORDERED**.

Date: March 29, 2016

s/ James T. Moody
JAMES T. MOODY, JUDGE
UNITED STATES DISTRICT COURT